1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9

10

11

DORCUS DEWAYNE ALLEN,

CASE NO. 3:20-cv-06143-RJB-JRC

Petitioner,

12

v.

ORDER ADOPTING REPORT AND
RECOMMENDATION

13

BRENT BOMKAMP,

14

Respondent.

15

16

17

This matter comes before the Court on the Report and Recommendation ("R&R") of

18

Magistrate Judge J. Richard Creatura (Dkt. 23) and Respondent's Objections to the Report and

19

Recommendation (Dkt. 24).  The Court has considered the R&R, the objections, Petitioner's

20

Response to Respondent's Objections (Dkt. 28), and the remaining record.

21

**I.     BACKGROUND**

22

On November 30, 2020, Petitioner Dorcus Dewayne Allen filed an application to proceed

23

*informa pauperis* ("IFP") (Dkt. 4), which was granted (Dkt. 5).  On December 1, 2020, he filed a

24

- 1

1    petition under 28 U.S.C. § 2241 for a writ of habeas corpus.  Dkt. 7.

2         The facts are complicated and recited in detail in the R&R, so the Court will not go into

3    detail here.  *See* Dkt. 23.  Essentially, Petitioner requests that the Court prohibit the State from

4    retrying him on four counts of first degree murder under an accomplice liability theory based on

5    his right to be free from double jeopardy.

6         In the R&R, the undersigned magistrate judge recommends that Mr. Allen's petition be

7    denied, but that he be granted a certificate of appealability ("COA").  Dkt. 23.  Only Respondent

8    objects to the R&R and only to the recommendation that Mr. Allen receive a COA.  Dkt. 24.

9                        **II.        DISCUSSION**

10        A state prisoner seeking relief under 28 U.S.C. § 2241 may appeal a district court's

11   dismissal of the petition only after obtaining a COA from a district or circuit judge.  28 U.S.C. §

12   2253(c)(2); *see Wilson v. Belleque*, 554 F.3d 816, 825 (9th Cir. 2009).  To be issued a COA, the

13   applicant must make "a substantial showing of the denial of a constitutional right."  *Id.*  A court

14   "should not decline the application for a COA merely because it believes the applicant will not

15   demonstrate an entitlement to relief."  *Miller-El v. Cockrell*, 537 U.S. 332, 337 (2003).  "Thus, . .

16   . the standard for obtaining a COA is not a particularly exacting one."  *Wilson*, 554 F.3d at 826.

17   It demands only that "jurists of reason would find it debatable wither the petition states a valid

18   claim of the denial of a constitutional right."  *Id.*

19        This case is similar to *Wilson v. Belleque*, both of which include complicated procedural

20   histories, mixed verdicts by the jury, retrials, and legitimate debate about the effect of double

21   jeopardy.  *See id.*  As in *Wilson*, a COA is appropriate in this case.  Although this Court finds

22   that Mr. Allen does not state a valid claim of the denial of a constitutional right, reasonable

23   jurists could debate that decision.

24

- 2

Therefore, the Court hereby **ORDERS**:

- The Court adopts the Report and Recommendation (Dkt. 23);

- Petitioner's federal habeas corpus petition is dismissed with prejudice;

- A certificate of appealability is granted in this case, and petitioner's *in forma pauperis* status may continue in the event of any appeal.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 24th day of May, 2021.

ROBERT J. BRYAN
United States District Judge

- 3